IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGER HARRISON,       )<br>                              )<br>         **Plaintiff,**     )<br>                              )<br> v.                           )<br>                              )<br> CAROLYN W. COLVIN,   )<br> **Acting Commissioner of Social Security,**  )<br>                              )<br>         **Defendant.**    )<br> _____ ) | CIVIL ACTION<br><br>No. 15-1312-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.     Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 1, 2009. (R. 11, 159, 161). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ

erred at step two of his consideration by failing to mention Plaintiff's right knee osteoarthritis, and he claims the error is not harmless because "consideration of [Mr.] Harrison's osteoarthritis may have warranted a more restrictive RFC [(residual functional capacity)] and consideration of either a light or sedentary grid rule." (Pl. Br. 15) (emphasis added).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

3

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers Plaintiff's arguments and finds that even if the ALJ committed error, Plaintiff has shown no prejudice from that error.

## II.    Discussion

Plaintiff argues that he has a medically determinable impairment of right knee osteoarthritis, but that the ALJ did not mention in the decision at issue the medical records or Plaintiff's hearing testimony regarding knee pain or right knee osteoarthritis, and did not specifically discuss whether Plaintiff's condition meets or equals Listing 1.02 (major dysfunction of a joint).  He argues that this omission "strongly suggests" that the ALJ was not aware of this impairment, and that remand is necessary for a proper consideration, and the "error is not harmless because it tainted the ALJ's RFC assessment."  (Pl. Br. 13).  He argues that the ALJ here in fact ignored the evidence of osteoarthritis and that remand is necessary for the ALJ to actually consider the issue.  Id. at 14 (citing Coffland v. Colvin, Civ. A. No. 13-1030-JWL, 2014 WL 1571797 at *5 (D. Kan. April 14, 2014); Groom v. Colvin, Civ. A. No. 12-1172-JWL, 2013 WL 3208591 (D. Kan. June 24, 2013); and Goff v. Colvin, Civ. A. No. 12-1107-JWL, 2013 WL 1980535 (D. Kan. May 13, 2013).  Plaintiff notes that the ALJ relied on the Medical-

Vocational Guidelines (hereinafter the grids) at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 203.22 and determined that Plaintiff is not disabled within the meaning of the Act. Citing the grids, §§ 201.06 and 202.06 Plaintiff argues that if the ALJ determined he were limited to sedentary or light work the grids would have directed a finding of "disabled" when he reached 55 years of age--more than two years before his date last insured and more than three years before the ALJ decision. (Pl. Brief 14-15). Plaintiff argues that if the ALJ had properly considered his right knee osteoarthritis he may have determined that Plaintiff was limited to light work, and found him disabled on the attainment of age 55. Id. at 15. He concludes that for this reason remand is necessary.

The Commissioner points out that the records only reflect complaints of, and treatment for, right knee pain and osteoarthritis for four months in a medical record comprising almost four years of treatment notes, and that thereafter Plaintiff did not seek treatment for, or even mention, knee pain on subsequent visits with his physician. (Comm'r Br. 4-5). She argues that Plaintiff failed his burden to show how severe his osteoarthritis was and that the ALJ continued the evaluation process beyond step two and assessed RFC, but Plaintiff did not point to evidence that his osteoarthritis limited him more that the RFC assessed. Id. at 6-7. She argues that Plaintiff's grid argument "falls flat" because "he has not set forth *any* evidence supporting the assertion that he was limited to light or sedentary work." Id. at 7, n.4 (emphasis in original).

In his Reply Brief, Plaintiff reiterates his argument, states that the Commissioner missed the point of his argument--that the ALJ simply did not make any determination

regarding right knee pain or right knee osteoarthritis. (Reply 2). He argues that because the ALJ did not discuss Plaintiff's knee pain, "it is <u>almost certain</u> the ALJ did not assess any limitations related to it," and that on remand it is <u>possible</u> "that a reasonable factfinder could limit [(Mr.)] Harrison to either light or sedentary work," and the grids would then require a finding of "disabled." <u>Id.</u> (emphases added).

Assuming Plaintiff is correct and the ALJ simply missed the fact that Plaintiff was diagnosed with right knee osteoarthritis or that Plaintiff testified at the hearing that he has pain in his right knee which is brought on by walking a block and a half, Plaintiff does not argue that he was prejudiced thereby. He argues that a reasonable factfinder, aware that he had osteoarthritis and knee pain, could find that he is limited to sedentary or light exertional work and that it is the responsibility of the ALJ to resolve ambiguities in the record. But as the Commissioner suggests he does not argue that he has limitations greater than the RFC assessed or point to any record evidence that he is limited to sedentary or even light work. While it may be possible that on remand a reasonable factfinder could find that Plaintiff is limited to light or sedentary exertion, Plaintiff provides nothing more than hope to support that possibility, and he points to no ambiguity in the record requiring resolution.

It is Plaintiff's burden to establish his RFC limitations, and he has not shown limitations greater than those assessed by the ALJ. There is no such thing as "error at large" or "error per se" in the agency's consideration of disability. A court "cannot insist on technical perfection" in the Commissioner's proceedings, but is guided instead by

common sense.  Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166, 1167 (10th Cir. 2012); see also Bowen v. Yuckert, 482 U.S. 137, 157 (1987) (O'Conner, J., concurring) ("Perfection in processing millions of [Social Security] claims annually is impossible."). An error which does not result in prejudice to the claimant is harmless, and the court will not remand to the Commissioner merely for a ministerial correction.  Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 2nd day of September 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**